PARR (BOGGS v.). See Case No. 1,602.

---

## Case No. 10,769.

### In re PARRISH.

[9 N. B. R. 573.] [1]

Circuit Court, M. D. Tennessee. 1874.

BANKRUPTCY—VOTE ON DISCHARGE—DEBT CONTRACTED AFTER JANUARY 1, 1869.

1. A creditor whose debt was contracted before January 1, 1869, should not be allowed to vote on the question of a bankrupt's discharge as to debts contracted since January 1, 1869.

2. Where A., after January, 1869, pays a judgment rendered aginst him as surety of B., on a note given prior to 1869, the debt to him by B. thereby created is "contracted" after January 1, 1869, within the meaning of the 33d section of the act [of 1867 (14 Stat. 533)].

[In the matter of M. A. Parrish, a bankrupt.]

By JOHN RUHUR, Register:

A., on the first of January, 1868, becomes B.'s security on a note. On the 15th of April, 1870, judgment is rendered against B. as principal, and A. as surety. A.'s land is levied upon and sold in satisfaction of the judgment. B. is declared a bankrupt on the 1st of January, 1874. A. proves his debt against the estate of B. in bankrupty. Under this state of facts. I ask the opinion of the court on the following questions: (1) Can a creditor whose debt was contracted prior to January 1, 1869, vote on the question of the bankrupt's discharge from debts contracted since January 1, 1869? (2) Was B.'s liability to A. contracted before or since January 1, 1869, within the meaning of the clause in the 33d section of the bankrupt law, as amended July 17, 1870 [16 Stat. 276], which provides: "In all proceedings in bank-

---

[1] [Reprinted by permission.]

ruptcy * * * no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims proven against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors, to whom he shall have become liable as a principal debtor, and who shall have proved their claims, is filed in the case at or before the time of the hearing of the application for discharge. But the provisions of the aforesaid section shall not apply to those debts from which the bankrupt seeks a discharge which were contracted prior to the 1st of January, 1869."

SWAYNE, Circuit Justice. The answer to the first of the above questions must be in the negative. The provisions in regard to the amount of assets to entitle the bankrupt to a discharge is intended for the benefit of creditors whose debts were contracted subsequent to the 1st of January, 1869, and only such creditors can join in the waiver of this provision. On the other question, B.'s liability to A. has been "contracted" since the 1st of January, 1869, within the meaning of the provision of the act of congress. The word "contracted" is not used in the technical or narrow sense, but means the same as "insured," or some other general word expressive of the occurrence of the liability, as a debt, whether that liability grows out of a transaction originating prior to the 1st of January, 1869, or subsequently thereto. The liability of the surety to the creditor undoubtedly originated previous to the 1st of January, 1869, but the liability of the principal to the surety, as a debt, only originated or was "contracted" in the broad sense of the statute, when the latter had paid the debt. Previous to that time the surety had no right of action against his principal, nor would the statute of limitations run against him. He cannot, therefore, be said to have had any debt against his principal until then. Unless, therefore, there is some positive provision of the bankrupt law in conflict with this view, I must hold that B.'s liability to A. was "contracted" after the 1st of January, 1869.